Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 944 | **DATE** | 8/20/2001 |
| **CASE TITLE** | VIKTORAS SILEKIS vs. BRIAN PERRYMAN, DISTRICT DIRECTOR OF THE IMMIGRATION AND NATURALIZATION SERVICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Viktoras Sileikis' petition for attorney's fees and costs [11-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 20 PM 6: 13 | 8/20/2001 | |
| | | | date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 2 1 2001

| | | |
|---|---|---|
| VIKTORAS SILEIKIS | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 944 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BRIAN PERRYMAN, | ) | |
| DISTRICT DIRECTOR OF THE | ) | |
| IMMIGRATION AND NATURALIZATION | ) | |
| SERVICE | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Viktoras Sileikis petitions for attorney's fees and costs against Brian Perryman, District Director of the Immigration and Naturalization Service ("INS") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B).

### BACKGROUND

On February 12, 2001, Sileikis filed a complaint, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 704 and §706, demanding the adjudication of two applications before the INS: (1) application for permission to reapply for admission into the United States after deportation and application for waiver of grounds of admissibility; and (2) application for adjustment of status. The complaint was filed because the INS allegedly had not issued a decision on those applications for over two years. On May 22, 2001, the INS issued a decision denying Sileikis permission to reapply for admission and for waivers of inadmissibility. *See* Pl. Ex. 1. The court entered judgment dismissing the case as moot, and gave Sileikis an opportunity to file objections. Sileikis filed an objection to the

1

/4/

dismissal, arguing that the INS had only partially adjudicated his claim because it had not issued a decision on his application for adjustment of status. On June 5, 2001, the INS issued its decision on Silekis' application for adjustment of status. *See* Pl. Ex. 2. In both cases, the INS denied Sileikis' applications. Sileikis now requests $2,688.75 in attorney fees and $458.37 in costs incurred in the proceedings before this court.

## DISCUSSION

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. §2412(1)(A). To establish that he is entitled to attorney's fees, Sileikis must show that he is a prevailing party under the EAJA. 28 U.S.C. § 2412(d)(1)(a). If Sileikis does so, the INS must show that its position was "substantially justified," or that "special circumstances make an award [of attorneys' fees] unjust." *Id.*

The award of attorney's fees and costs turns on whether Sileikis is a prevailing party under the EAJA. Sileikis contends his filing of a mandamus complaint in this court led to issuance of the decisions by the INS on his applications. According to Sileikis, he has obtained the relief he sought because the INS acted on his request in the complaint, albeit negatively, by issuing two decisions on his applications. This circuit has recognized the catalyst theory for the award of attorney's fees and costs, where a plaintiff receives the desired result because the lawsuit brought about a voluntary change in governmental conduct. *See Zinn v. Shalala*, 35 F.3d 273, 276 (7th Cir. 1994). The catalyst theory has been applied to cases involving the EAJA. *See Hendricks v. Bowen*, 847 F.2d 1255, 1258

2

(7th Cir.1988); *Fenn v. Bowen*, No. 85 10283, 1988 WL 124137, at *1 (N.D. Ill. Nov. 15, 1988). Sileikis must satisfy two requirements of the catalyst rule to be considered a prevailing party: (1) his lawsuit must be causally linked to the achievement of the relief obtained; and (2) he must not have acted wholly gratuitously, *i.e.* his claim was not frivolous, unreasonable, or groundless. *Johnson v. LaFayette Fire Fighters Assoc.*, 51 F.3d 726, 730 (7th Cir.1995); *Zinn*, 35 F.3d at 274.

However, the Supreme Court recently changed the landscape of fee awards under the catalyst theory. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 121 S. Ct. 1835 (2001). In *Buckannon*, the catalyst theory was not a permissible basis for the award of attorney's fees under the Fair Housing Amendments Act ("FHAA") of 1988, 42 U.S.C. § 3613(c), and the American with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12205. The Court stated the term "prevailing party" required a "material alteration of the legal relationship of the parties" to permit an award of attorney's fees. *Buckhannon*, 121 S. Ct. at 1840. The catalyst theory, according to the Supreme Court, "allows an award where there is no judicially sanctioned legal relationship of the parties." *Id.* The Court instructed that:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on that change. ...
>
> We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff, by simply filing a nonfrivolous lawsuit but nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining any judicial relief.

*Buckhannon*, 121 S. Ct. at 1840-41.

In reaching its conclusion on the fee-shifting provisions of the ADA and FHAA, the Supreme Court noted that Congress has authorized attorney's fees to the prevailing party in other statutes. *Buckhannon*, 121 S. Ct. at 1839. The Court listed the Civil Rights Act of 1964, the Voting Rights

3

Act of 1975, and the Civil Rights Attorney's Fees Awards Act of 1988. *Id.* The Court also cited the appendix in *Marek v. Chesny*, 473 U.S. 1, 43-51 (1985), which lists a host of fee-shifting statutes, including the Equal Access to Justice Act. The Court observed that it has interpreted the fee-shifting provisions of those statutes consistently. *Buckhannon*, 121 S. Ct. at 1839 n.4; *see also INS v Jean*, 496 U.S. 154 (1990) (analyzing EAJA consistent with other fee-shifting statutes). Finally, the Court recognized that its decision overturned "long-prevailing Circuit precedent[,]" where most circuit courts had regularly applied the catalyst theory to determine the prevailing party in a petition for attorney's fees and costs. *Id.* at 1840-41.

The Seventh Circuit has not yet had occasion to apply *Buckhannon*. However, in *Crabill v. Trans Union, L.L.C.*, No. 00-2078, 2001 WL 856573, at *4 (7th Cir. July 30, 2001), the court discussed *Buckhannon* in determining whether a consumer had standing under the Fair Credit Reporting Act to recover attorney's fees and costs when that consumer could only establish actual damages. While the court recognized *Crabill* was not a "catalyst case," it noted the Supreme Court had "emphasized the similarity of most federal fee-shifting statutes[.]" *Crabill*, 2001 WL 856573, at *4. The court also stated that in rejecting the catalyst theory, *Buckhannon* insisted that "a plaintiff must obtain formal judicial relief, and not merely success, in order to be deemed a prevailing party under any attorneys' fee provision comparable to the civil rights attorneys' fee statute." *Id.*; *see also West Virginia University Hospitals vs. Casey*, 499 U.S. 83, 89 (1991) (noting the EAJA was enacted as a counterpart to 42 U.S.C. § 1988).

Recently, this court applied the rule in *Buckhannon* to Rule 54(d) of the Federal Rules of Civil Procedure. *Johnny's Icehouse, Inc. v. Amateur Association of Illinois*, No. 00 C 7363, 2001 WL 893840, at *2 (N.D. Ill. Aug. 7. 2001). There, the plaintiff was a prevailing party because the

defendant's voluntary dismissal of disciplinary proceedings was due to a finding of fact by the court indicating wrongdoing. Dismissal stemmed solely from the plaintiff's request for a temporary restraining order; the plaintiff was not a prevailing party by reason of the catalyst rule. *Johnny's Icehouse*, 2001 WL 893840, at *2; *see also Johnson v. Rodriguez*, 00-50443, 2001 WL 845180, at *1 (5th Cir. Aug. 10, 2001) (*Buckhannon* applied to 42 U.S.C. §1988; attorney's fees denied on catalyst theory).

In light of the Supreme Court's decision in *Buckhannon*, Sileikis cannot rely upon the catalyst theory. Sileikis seeks to be classified as a prevailing party solely on the voluntary actions of the INS. This court did not provide any judicial relief or materially alter the positions of the parties. The only role the court played, as Sileikis admits in his petition, is the receipt of his complaint and the scheduling of several status hearings. *See* Petitioner's Motion for Attorney Fees and Cost ("Pet. Mot.") at 1. Sileikis' requested relief – the adjudication of his applications to the INS – was done without this court's intervention.

Notably, the Supreme Court's rationale in rejecting the catalyst rule is particularly applicable to this case. First, the Court was concerned that the "possibility of being assessed attorney's fees may well deter a defendant from altering its conduct." *Buckhannon*, 121 S. Ct. at 1842. The INS would have an incentive to refrain from issuing its decisions in fear of being assessed attorney's fees under the catalyst rule. Second, the Supreme Court was concerned that the catalyst rule required "analysis of the defendant's subjective motivations in changing its conduct." *Id.* at 1843. Here, the catalyst rule would require the court to speculate on the impetus for the issuance of the INS decisions.

5

## CONCLUSION

The motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(B) is denied.

August 20, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge